2009 BNH 034
_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | Bk. No. 08-13605-MWV |
| | Chapter 7 |
| Stephen B. Monzione, | |
|         Debtor | |
| | |
| Stephen B. Monzione, | |
|         Plaintiff | |
| | |
| v. | Adv. No. 09-1019-MWV |
| | |
| US Bank National Association, | |
| as Trustee for MASTR Asset Backed | |
| Securities Trust 2006-FRE1, | |
|         Defendant | |

*David E. Buckley, Esq.*
*BUCKLEY LAW OFFICES, P.C.*
*Attorney for Stephen B. Monzione*

*Dennis N. D'Angelo, Esq.,*
*Jonathan W. Lent, Esq. and*
*Douglas C. Doskocil, Esq.*
*GOODWIN PROCTER LLP*
*Attorneys for US Bank National Association*

**MEMORANDUM OPINION**

This matter comes before the Court on a motion to dismiss the complaint (Ct. Doc. No. 31) pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by US Bank National Association, as Trustee for MASTR Asset Backed Securities Trust 2006-FRE1 ("US Bank"), and Plaintiff's objection thereto. In the complaint, the Plaintiff seeks to (1) enjoin US Bank from foreclosure proceedings, (2) rescind the mortgage agreement, and (3) collect damages pursuant to N.H. Rev. Stat. Ann. § 358-A and 15 U.S.C. § 1601, et seq. On September 15, 2009, the Court held a hearing on the motion and took the matter under advisement.

#### JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.).  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

#### BACKGROUND

In September of 2005, Stephen B. Monzione (the "Plaintiff") entered into a residential mortgage agreement (the "Mortgage"), to finance the purchase of a home, with Fremont Investment & Loan ("Fremont").  New Fed Mortgage Corp. ("New Fed") brokered the Mortgage between the Plaintiff and Fremont.  At some point in 2006, the Mortgage was assigned to US Bank, who is the current holder of the Mortgage.  By the fall of 2008, the Plaintiff had defaulted on his obligations under the Mortgage at which point US Bank began instituting foreclosure proceedings.  Subsequently, on December 2, 2008, the Plaintiff filed his Chapter 7 petition in bankruptcy.  The Plaintiff brings the current action against US Bank asserting that Fremont and New Fed violated the New Hampshire Consumer Protection Act and the Federal Truth in Lending ("TILA") laws by engaging in predatory lending and perpetrating an unfair method of competition and deceptive acts.  The Plaintiff asserts that US Bank, as the current holder of the Mortgage, is subject to liability for the actions of Fremont and New Fed.  Further, the Plaintiff claims that US Bank knew of the predatory nature of the Mortgage.  As a result of the conduct of Fremont, New Fed, and US Bank, the Plaintif believes he is entitled to rescind his Mortgage and collect damages from US Bank.  US Bank filed a motion to dismiss the complaint alleging that the Plaintiff's actions are barred by the statute of limitations, that US Bank is not a "creditor" as defined in TILA, and the Plaintiff has failed to allege any TILA violations.

#### DISCUSSION

Under Rule Federal Rule of Civil Procedure 12(b)(6), made applicable to adversary proceedings

-2-

in bankruptcy by Federal Rule of Bankruptcy Procedure 7012(b), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b).  In ruling on a Rule 12(b)(6) motion to dismiss, courts "must accept as true the well-pleaded factual allegations of the complaint" and "draw all reasonable inferences therefrom in the plaintiff's favor[.]"  LaChapelle v. Berskshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligations to provide the 'grounds' of his 'entitle[ment] to relief' require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted); Damon v. Moore, 520 F.3d 98, 102-03 (1st Cir. 2008).  "[Although] legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).  To survive a Rule 12(b)(6) motion to dismiss, factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" and cross the line between "possibility" and "plausibility" of entitlement to relief.  Bell Atlantic Corp., 127 S.Ct. at 1965-66; Notinger v. Costa (In re Robotic Vision Sys., Inc.), 374 B.R. 36, 43 (Bankr. D.N.H. 2007).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the . . . court to draw on its judicial experience and common sense."  Ashcroft v. Iqbal, 129 S.Ct. at 1950.  The focus of a Rule 12(b)(6) inquiry is not "whether a plaintiff will ultimately prevail but whether the claimaint is entitled to offer evidence to support the claims."  Gilbert v. Essex Group, Inc., 930 F.Supp. 683, 686 (D.N.H. 1993) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

    **I.**    **Count I: Violations of the New Hampshire Consumer Protection Act**

Count I of the Plaintiff's complaint alleges violations in conjunction with the New Hampshire Consumer Protection Act, Title XXXI N.H. Rev. Stat. Ann. § 358-A.  The Consumer Protection Act provides that "[i]t shall be unlawful for any person to use any unfair method of competition or any unfair

or deceptive act or practice in the conduct of any trade or commerce within this state." N.H. Rev. Stat. Ann. § 358:A-2.  The Plaintiff's complaint states facts which allege that the Fremont and New Fed entered into a predatory loan with the Plaintiff.  Further, the Plaintiff alleges that Fremont and New Fed manipulated facts to procure the Mortgage and US Bank should have known of that the Mortgage terms were unsustainable.  The Plaintiff goes on to state that Fremont, New Fed, and US Bank all utilized the Mortgage for financial benefit, and their actions constitute an unfair method of competition and deceptive act in violation of New Hampshire law.

In support of US Bank's motion to dismiss this count of the Plaintiff's complaint, US Bank states that the claim is time-barred, because the transaction giving rise to this claim was entered into more than three years prior to the filing of the complaint.  The New Hampshire Consumer Protection Act provides that a cause of action, like the Plaintiff's, expires within three years from the time "the plaintiff knew, or reasonably should have known, of the conduct alleged to be in violation . . . ." N.H. Rev. Stat. Ann. § 358-A:3(IV-a).  In response, the Plaintiff argues that he could not have known of the violations until the foreclosure proceedings were instituted in October 2008, and since the complaint was filed in January 2009, it is well within the three-year statute of limitations. While US Bank may have arguments that counter the Plaintiffs position, the Court is not required to decide the merits of this case.  The Court "must accept as true the well-pleaded factual allegations of the complaint" and "draw all reasonable inferences therefrom in the plaintiff's favor[.]" LaChapelle v. Berskshire Life Ins. Co., 142 F.3d at 508.  The Court finds that the Plaintiff has sufficiently alleged factual allegations which raise a plausible right to relief under the Count I of the complaint.  As such, US Bank's motion to dismiss is denied as to Count I of the complaint.

      II.      **Count II: Violations of Truth in Lending Act**

TILA is a disclosure statute.  See Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) (the purpose of TILA is to provide borrowers with clear and accurate disclosures); Palmer v. Champion

Mortg., 475 F.3d 24, 27 (1st Cir. 2006).  It requires creditors to divulge certain information to borrowers; "it does not regulate substantively consumer credit but rather requires disclosure . . . ."  Alicea v. Citifinancial Services, Inc., 210 F.Supp.2d 4, 6 (D. Mass. 2002)(quoting Szumny v. Am. Gen. Fin., Inc., 246 F.3d 1065, 1070 (7th Cir. 2001)).  The Plaintiff makes numerous allegations concerning the predatory nature of the Mortgage.  However, nowhere in the complaint does the Plaintiff allege any facts claiming that Fremont, New Fed, or US Bank failed to provide the proper disclosures or notice of right to rescind as required by TILA.  Without any such factual allegations, the Court cannot find that the Plaintiff has alleged a plausible entitlement to relief.  Moreover, the Plaintiff's claims under TILA are time-barred.

Creditors who fail to provide the appropriate disclosures as required by TILA may be subject claims for rescission and/or damages.  However, suits brought under TILA are subject to the applicable statue of limitations.  Claims for rescission "expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first."  15 U.S.C. § 1635(f); C.F.R.  226.23(a)(3). Regarding claims for damages, the action must be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  Consummation of the transaction at issue took place in September 2005.  Since the Plaintiff's complaint was not filed until January 27, 2009, it is clear that the Plaintiff's right to rescind expired well before the filing of the complaint.  With respect to the damages claim, the Plaintiff opposes dismissal by arguing that he could not have discovered the TILA violation until US Bank's institution of foreclosure proceedings on October 31, 2008.  The Plaintiff's argument is without merit.  The one-year statute of limitations is measured from the date of the occurrence and not the discovery of the violation.  The violation for which the Plaintiff complains for damages is the entering into of a predatory loan.  That alleged violation occurred in September 2005.  As such, the complaint was filed beyond the statute of limitations.  Accordingly, US Bank's motion to dismiss Count II is granted.

## CONCLUSION

For the reasons set out herein, the Court grants the motion to dismiss in part and denies it in part. This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate final judgment consistent with this opinion.

DATED this 3rd day of December, 2009, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge